**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**VERONICA M. DAVIS-FISK,**

                              **Plaintiff,**

        v.                                          1:17-CV-1047
                                                       (FJS/CFH)

**OVERTON, RUSSELL, DOERR &
DONOVAN, LLP,**

                              **Defendant.**

_____

**APPEARANCES**                                  **OF COUNSEL**

**BARSHAY SANDERS, PLLC**             **CRAIG B. SANDERS, ESQ.**
100 Garden City Plaza, Suite 500         **DAVID MICHAEL BARSHAY, ESQ.**
Garden City, New York 11530
Attorneys for Plaintiff

**OFFICE OF AMY C. KENDALL**         **AMY C. KENDALL, ESQ.**
16 East Glenwood Drive
Latham, New York 12110
Attorneys for Plaintiff

**OVERTON, RUSSELL, DOERR**         **NO APPEARANCE**
**& DONOVAN, LLP**
Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff filed her complaint against Defendant on September 21, 2017, alleging that Defendant had violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. *See* Dkt. No. 1 ("Complaint"). Plaintiff served Defendant with the summons and complaint on November 9, 2017,

> [b]y delivering to and leaving with **SUE ZOUKY**, authorized agent
> in the office of the Secretary of the State, State of New York,
> personally at the office of the Secretary of State, of the State of New
> York, two (2) true copies [of the summons and complaint] and . . .
> said service was made pursuant to Section 121-1505 LLP.

*See* Dkt. No. 5 at 1.

On December 21, 2017, Plaintiff requested an entry of default, *see* Dkt. No. 7, which the Clerk of the Court entered on January 8, 2018, *see* Dkt. No. 9. Pending before the Court is Plaintiff's motion for entry of a default judgment against Defendant pursuant to Rule 55 of the Federal Rules of Civil Procedure. *See* Dkt. No. 11 at 1.

## II. DISCUSSION

### A. Plaintiff's allegations

In her complaint, Plaintiff asserts three causes of action. In her first cause of action, she alleges that Defendant violated 15 U.S.C. §§ 1692b, 1692c. *See* Complaint at ¶¶ 16-31. Specifically, Plaintiff contends that an employee of Defendant telephoned her workplace and spoke to the office manager, who answered the telephone. *See id.* at ¶¶ 19, 22. Defendant's employee asked the office manager whether Plaintiff worked there and how many hours Plaintiff worked. *See id.* at ¶¶ 24-25. Defendant's employee identified his employer as Defendant without being requested to do so and did not state that he was confirming or correcting location information concerning Plaintiff in violation of 15 U.S.C. § 1692b(1). *See* Complaint at ¶¶ 26-28. Finally, Plaintiff alleges that she did not consent to Defendant calling her workplace and asking the office manager how many hours she worked. *See id.* at ¶¶ 29-30.

In her second cause of action, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e(3)

by making false or misleading representations. *See id.* at ¶¶ 32-45. Specifically, Plaintiff alleges that Defendant is a law firm acting as a debt collector and had no meaningful involvement in the day-to-day collection of Plaintiff's alleged debt. *See id.* at ¶¶ 36-37. Plaintiff asserts that Defendant misleads consumers into believing that its letter is from an attorney and that there is a meaningful attorney involvement in the collection of the debt. *See id.* at ¶¶ 38-39. Furthermore, Plaintiff contends that the letter that Defendant sent contained no disclaimer concerning its lack of meaningful attorney involvement in the collection of her debt. *See id.* at ¶ 40. Plaintiff asserts that, therefore, the least sophisticated consumer would likely be deceived in a material way by Defendant's conduct, would likely be deceived into believing that the communication was from an attorney, and would likely be deceived into believing that an attorney had meaningful involvement in the collection of the alleged debt. *See id.* at ¶¶ 41-44.

Finally, in her third cause of action, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e(10). *See id.* at ¶¶ 46-52. Specifically, she asserts that the least sophisticated consumer would likely be deceived in a material way by Defendant's conduct as outlined above. *See id.* at ¶¶ 50-51.

Based on these allegations, Plaintiff seeks damages against Defendant pursuant to 15 U.S.C. § 1692k, attorney's fees pursuant to 15 U.S.C. § 1692k and costs. *See id* at WHEREFORE Clause.

**B.     Standard of review**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a party seeking a default judgment must follow a two-step procedure. First, she must request that the Clerk of the Court enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Next, once the Clerk of the Court "'has entered [the default] against [the opposing party], and [that party] fails to appear or move to set aside the default under Rule 55(c), the court may . . . enter a default judgment. . . .'" *Patterson v. City of N.Y.*, No. 16-CV-3525 (NGG) (SMG), 2018 WL 919784, *1 (E.D.N.Y. Feb. 13, 2018) (quoting *Calaman*, 2016 WL 8213831, at *3 (citing Fed. R. Civ. P. 55(b)(2))).

"When a defendant has defaulted, the court must accept the plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Id.* (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981))). Nonetheless, "[b]ecause a default is only an admission of factual allegations, not conclusions of law, . . ., the court must determine if those factual allegations, taken as true, establish the defendant's liability as a matter of law." *Id.* (citation omitted). "Only 'if liability is established as a matter of law when the factual allegations are taken as true' may the court enter default judgment." *Id.* (quoting *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015)).

As noted, Plaintiff requested an entry of default, *see* Dkt. No. 7, which the Clerk of the Court entered on January 8, 2018, *see* Dkt. No. 9. Thus, she has satisfied the first step necessary to obtain a default judgment. Therefore, the Court must determine whether the allegations in Plaintiff's complaint, taken as true, establish Defendant's liability as a matter of law.

**C.     Plaintiff's first cause of action – violations of 15 U.S.C. § 1692b(1) and § 1692c(b)**

Section 1692b of Title 15 of the United States Code provides, in pertinent part, as follows:

> Any debt collector communicating with any person other than the
> consumer for the purpose of acquiring location information about the
> consumer shall –
> > (1) identify himself, **state that he is confirming or
> > correcting location information concerning the
> > consumer**, and, **only if expressly requested, identify
> > his employer**; . . .

15 U.S.C. § 1692b(1) (emphasis added).

In addition, 15 U.S.C. § 1692c(b) provides as follows:

> Except as provided in section 1692b of this title, **without the prior
> consent of the consumer given directly to the debt collector**, or the
> express permission of a court of competent jurisdiction, or as
> reasonably necessary to effectuate a postjudgment judicial remedy, a
> debt collector may not communicate, in connection with the
> collection of any debt, with any person other than the consumer, his
> attorney, a consumer reporting agency if otherwise permitted by law,
> the creditor, the attorney of the creditor, or the attorney of the debt
> collector.

15 U.S.C. § 1692c(b) (emphasis added).

Plaintiff asserts that one of Defendant's employees telephoned her place of employment, spoke with the office manager, and asked the office manager if Plaintiff worked there and how many hours she worked. Moreover, Plaintiff contends that Defendant's employee made this telephone call without her consent, did not state that he was confirming or correcting location information concerning Plaintiff and, without being requested to do so, identified his employer as Defendant law firm.

The Court must accept Plaintiff's allegations as true and draw all reasonable inferences in her favor for purposes of this motion. Furthermore, the Court finds that these allegations, if true, establish that Defendant violated 15 U.S.C. § 1692b(1) and 15 U.S.C. § 1692c(b). Therefore, the Court grants Plaintiff's motion for a default judgment on her first cause of action.

**D. Plaintiff's second and third causes of action – violations of 15 U.S.C. § 1692e(3) and 15 U.S.C. § 1692e(10)**

Section 1692e provides, in pertinent part, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * * * * * * * * *
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> * * * * * * * * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(3), (10).

"Whether a communication is 'false, deceptive, or misleading' under § 1692e 'is determined from the perspective of the objective least sophisticated consumer.'" *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 78 (2d Cir. 2018) (quoting *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012)). "Under this standard, 'collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Id.* (quotation omitted). However, "'not every technically false representation by a debt collector amounts to a violation of the FDCPA[.]'" *Id.* (quoting *Gabriele v. Am. Home Mortg. Serv., Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012) (summary order)). "[T]he least sophisticated consumer standard [also] encompasses a materiality requirement; that is, statements must be materially false or misleading to

-6-

be actionable under the FDCPA." *Id.* at *7 (citations omitted). "[A] statement is material 'if it is capable of influencing the decision of the least sophisticated [consumer].'" *Id.* (quoting *Jensen*, 791 F.3d at 421) (citing *Hahn*, 557 F.3d at 758 ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable.")). "The materiality requirement is thus a corollary to the well-established proposition that '[i]f a statement would not mislead the unsophisticated consumer, it does not violate the [FDCPA] – even if it is false in some technical sense.' . . . In other words, 'a false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated [consumer.]'" *Id.* (quoting *Jensen*, 791 F.3d at 421) (other quotation omitted). Thus, "[t]his materiality requirement furthers the dual purposes of the least sophisticated consumer standard: the need to protect unsuspecting consumers from unscrupulous debt collectors and the need to ensure that debt collectors are not held liable 'for unreasonable misinterpretations of collection notices.'" *Id.* (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

Furthermore, the Second Circuit has recognized that "the use of [an attorney's] letterhead and signature on [a] collection letter[] [is] sufficient to give the least sophisticated consumer the impression that the letter[] w[as] [a] communication[] from an attorney." *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993). "Such a letter may violate section 1692e(3) where 'the attorney or firm had not, in fact, engaged in [the] implied level of involvement.'" *Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14-CV-7539, 2016 WL 1274541, *16 (E.D.N.Y. Mar. 31, 2016) (quoting *Greco*, 412 F.3d at 364) (other citation omitted). "To avoid violating section 1692e(3), a debt collection letter that appears with an attorney's signature must reflect 'meaningful attorney involvement.'" *Id.* (quoting *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 301 (2d Cir.

2003)) (other citation omitted). Nonetheless, "attorneys 'can participate in debt collection . . . without contravening the FDCPA, so long as their status as attorneys is *not misleading* to a consumer 'regarding meaningful attorney involvement in the debt collection process.'" *Id.* (quoting *Greco*, 412 F.3d at 364). "An attorney may send a debt collection letter 'without being meaningfully involved as an attorney,' provided a 'clear disclaimer' explains 'that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney.'" *Id.* (quotation omitted).

Plaintiff alleges that Defendant's letter violates § 1692e(3) because it misleads consumers into believing it is from an attorney and that there is meaningful attorney involvement in the collection of the debt; and, furthermore, it contains no disclaimer concerning Defendant's lack of meaningful attorney involvement in the collection of the alleged debt. *See* Complaint at ¶¶ 38-40.

In its letter to Plaintiff, dated April 20, 2017, Defendant's letterhead reads as follows:

> Overton, Russell, Doerr and Donovan, LLP
> Attorneys and Counselors at Law

*See* Dkt. No. 1-1 at 1.

The letter also indicates the name of the Creditor and the amount that Plaintiff allegedly owes to the creditor, $379.80. *See id.* In addition, the letter states that Defendant is "a debt collector attempting to collect a debt and any information obtained will be used for that purpose." *See id.* In addition, it appears that Defendant may have had some earlier communication with Plaintiff as the letter states, "You have thus far failed to make satisfactory arrangements with our office regarding payment of the outstanding balance noted above." *See id.* Furthermore, the letter states as follows:

> Since the sum is long overdue we request that payment be

>    made on this account.
>    You need to resolve this matter immediately to avoid further
> collection activity. IT IS NOT TOO LATE TO MAKE A
> PAYMENT ON THIS MATTER. PLEASE CALL OUR OFFICE
> TO DISCUSS PAYMENT OPTIONS.

*See id.*

Finally, the letter is signed,

> Very truly yours,
> Overton, Russell, Doerr and Donovan, LLP

Reviewing the letter in its entirety, including the letterhead, which indicates that Defendant refers to itself as "Attorneys and Counselors at Law," its signature at the bottom of the letter, the language in the letter that gives the impression that Defendant had taken an active role in the collection of the debt, and the fact that the standard is whether the least sophisticated consumer would believe that there was meaningful attorney involvement in the collection of her debt, the Court finds that Plaintiff has alleged facts, which if true, would establish that Defendant violated 15 U.S.C. § 1692e(3) as a matter of law. Therefore, the Court grants Defendant's motion for a default judgment with regard to Plaintiff's second cause of action.[1]

---

[1] The Court notes that § 1692e(10) is merely a catchall provision so it is not necessary to discuss Plaintiff's third cause of action. The Court's conclusion that Defendant violated § 1692e(3) is sufficient to show a violation of § 1692e. *See Clomon*, 988 F.2d at 1320.

**E.     Additional Damages and attorney's fees**

*1. Additional damages*

Section 1692k of Title 15 of the United States Code provides, in pertinent part, as follows:

> **(a) Amount of damages**
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –
>
> * * * * * * * * * *
>
> (2)(A) in the case of any action by an individual, such additional damages [in addition to actual damages] as the court may allow, but not exceeding $1,000; . . .
>
> * * * * * * * * * *
>
> (3) In the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. . . .

15 U.S.C. § 1692k(a)(2)(A), (a)(3).

In this case, Plaintiff seeks only statutory damages, *i.e.*, $1,000, which is the maximum amount of statutory ("additional") damages the court may allow under § 1692k(a)(2)(A).

"[T]he FDCPA permits, in the court's discretion, an award of statutory damages upon proof of a violation, without regard to whether the victim of the violation suffered any pecuniary loss as a result of the violation." *Lapan v. Greenspoon Marder P.A.*, No. 5:17-CV-130, 2018 WL 1033224, \*4 (D. Vt. Feb. 22, 2018) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1322 (2d Cir. 1993) (analyzing 15 U.S.C. § 1692k(a))). "The decision on whether to award 'additional damages' and on the size of any such award is committed to the sound discretion of the district court." *Clomon*, 988 F.2d at 1322 (citing *Pipiles*, 886 F.2d at 27 (FDCPA gives district courts "ample discretion" in assessing

damages); *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989) (decision to award "additional damages" is "discretionary")). However, the "[t]he district court must . . . consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the extent to which such noncompliance was intentional, and other relevant factors in deciding the amount of any 'additional damages' awarded." *Clomon*, 988 F.2d at 1322 (citing 15 U.S.C. § 1692k(b)).

In this case, Plaintiff alleges that Defendant made one call to her employer and sent her one collection letter. Since this is a motion for a default judgment, Defendant is deemed to have admitted these allegations. However, one telephone call and one letter certainly do not demonstrate persistent or frequent noncompliance with the FDCPA even if the noncompliance is intentional. In *Todes v. Takhar Group Collection Servs., Ltd.*, No. 13-CV-444C, 2016 WL 1177983 (W.D.N.Y. Mar. 28, 2016), the court concluded that in light of

> the infrequency of the noncompliance (six telephone calls), the
> limited number of individuals adversely affected (one), and the
> absence of any further information regarding the debt collector's
> resources or intent . . . the violation of the FDCPA d[id] not amount
> to the level of 'particularly egregious or intimidating' conduct
> warranting an award of maximum statutory damages.

*Id.* at *2.

Therefore, the court awarded the plaintiff $500 in statutory damages. *See id.* (citations omitted). *But see Azzara v. Nat'l Credit Adjusters, LLC*, No. 1:16-CV-01213, 2017 WL 2628875, *3 (N.D.N.Y. June 19, 2017) (McAvoy, J.) (awarding Plaintiff $1,000 in statutory damages on a motion for entry of a default judgment "[b]ased on the finding of liability under the FDCPA" without any discussion of the factors that the Second Circuit instructed district courts to consider in *Clomon*).

-11-

Applying the relevant factors to the facts that Plaintiff alleges, the Court finds that an award of additional damages in the amount of **$500.00** is appropriate.

### *2. Costs and attorney's fees*

With regard to the costs that Plaintiff seeks – $400 for the cost of filing this action and $95 for the service of the summons and complaint – the Court finds that Plaintiff is entitled to an award of $495 in costs.

With regard to attorney's fees, Plaintiff seeks attorney's fees for 9.1 hours of legal work that Mr. Sanders performed and for 3.8 hours of legal work that Mr. Barshay performed on her behalf. In his Declaration, Mr. Sanders states that "[a]ll of such time [for legal work] represents the necessary and reasonable efforts of Barshay Sanders, PLLC and was billed at the timekeepers' customary hourly rates [$525.00] and, to the best of [his] knowledge, information and belief, these rates are competitive with rates charged by other attorneys of like experience in the area for matters of this type." *See* Dkt. No. 11-1, Declaration of Craig B. Sanders ("Sanders Decl.") at ¶ 19. In addition, in her Memorandum of Law, Plaintiff asserts that her attorneys "have been regularly approved by this Court at their billing rate of $525.00." *See* Dkt. No. 11-2 at 10 (citations omitted).

Although Plaintiff refers to "this Court," the cases she cites are cases in other districts and other circuits. *See id.* at 10-11. Furthermore, she fails to mention that, in June 2017, in a case very similar to this one, involving a motion for entry of a default judgment in an FDCPA case, the court (McAvoy, J.) determined that, "[u]nder the forum rule, and given the relatively straightforward legal and factual issues presented in this case, . . . the prevailing hourly rates for the Northern District of New York are the appropriate guide for reasonable hourly fees here." *Azzara*, 2017 WL

2628875, at *4. The court further explained that "[t]he hourly rate for experienced counsel in a FDCPA case in the Northern District of New York is $210 per hour." *Id.* (citing *Stevens*, 2017 WL 1423242, at *3 ("As recently as 2012, the Second Circuit has upheld determinations that '[t]he prevailing hourly rates in [the Northern District of New York], which are what a reasonable, paying client would be willing to pay, are $210 per hour for an experienced attorney [and] $150 per hour for an attorney with more than four years experience.'") (quoting *Lore v. City of Syracuse*, 670 F.3d 127, 175 (2d Cir. 2012) (internal quotation marks and citation omitted))). Thus, the court determined that the appropriate hourly rate for both Mr. Sanders and Mr. Barshay was $210 per hour. *See id.*

To determine a reasonable hourly rate, a court must consider what a reasonable client would be willing to pay. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008). In determining what a reasonable client would pay, the Second Circuit has instructed courts to consider several factors, including the following:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3 (citing *Johnson*, 488 F.2d at 717-19).

Furthermore, courts apply the "forum rule," which "generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652

F.3d 277, 290 (2d Cir. 2011) (quotation omitted).

In 2012, the Second Circuit affirmed an award of $210.00 per hour for an experienced attorney in the Northern District of New York. *See Lore v. City of Syracuse*, 670 F.3d 127, 176 (2d Cir. 2012). However, in more recent cases in this District, courts have awarded fees ranging from $210 to $250 per hour.[2] Based on the rates that courts in this District have awarded and in light of the straightforward legal and factual issues involved in this case, the Court finds that the prevailing hourly rate for experienced counsel in an FDCPA case in this District is **$250.00**. Applying this hourly rate, the Court awards Plaintiff a total of **$3,225.00** in attorney's fees, comprised of $2,275.00 for Mr. Sanders' 9.1 hours of legal work and $950.00 for Mr. Barshay's 3.8 hours of legal work.

### III. CONCLUSION

After reviewing the entire file in this case, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

---

[2] *See, e.g., Malibu Media, LLC v. Ofiesh*, No. 1:16-CV-202, 2017 WL 2633525, *3 (N.D.N.Y. June 19, 2017) (Scullin, J.) (granting fees at a rate of **$250 per hour** rather than at the requested hourly rate of $300); *BCI Constr., Inc. v. 797 Broadway Group, LLC*, Nos. 1:16-CV-1077, 1:16-CV-1113, 2017 WL 1743824, *5 (N.D.N.Y. May 3, 2017) (Scullin, J.) (granting fees at a rate of **$250 per hour** rather than at the requested hourly rate of $325); *Upstate N.Y. Eng'rs Health Fund v. S. Buffalo Elec., Inc.*, No. 15-CV-0903, 2017 WL 1192178, *4 (N.D.N.Y. Mar. 29, 2017) (Kahn, J.) (granting fees at a rate of **$210 per hour** rather than at the requested hourly rate of $291-$300); *C.H. Robinson Worldwide, Inc. v. Joseph Aiello & Sons, Inc.*, No. 1:15-CV-1321, 2016 WL 4076964, *5 (N.D.N.Y. Aug. 1, 2016) (Suddaby, C.J.) (**$225 per hour**); *Genito v. Forster & Garbus LLP*, No. 6:15-CV-00954, 2016 WL 3748184, *2 (N.D.N.Y. July 11, 2016) (D'Agostino, J.) (granting fees at a rate of **$225 per hour** rather than at the requested hourly rate of $275); *Upstate N.Y. Eng'rs Health Fund v. Ransom*, No. 5:13-CV-01434, 2015 WL 145441, *5 (N.D.N.Y. Jan. 12, 2015) (D'Agostino, J.) (**$210 per hour**); *I.B.E.W. Local 910 Welfare, Annuity & Pension Funds v. Grayco Elec., Inc.*, No. 7:12-CV-652, 2013 WL 495638, *4 (N.D.N.Y. Feb. 7, 2013) (D'Agostino, J.) (**$210 per hour**).

**ORDERS** that Plaintiff's motion for entry of a default judgment, *see* Dkt. No. 11, is

**GRANTED** in the amount of **$4,220.00**, calculated as follows:

| | |
|---|---:|
| Additional damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) | $ 500.00 |
| Costs pursuant to 15 U.S.C. § 1692k(a)(3) | $ 495.00 |
| Attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) | $3,225.00 |
| **Total** | **$4,220.00** |

and the Court further

**ORDERS** that Plaintiff shall personally serve a copy of this Order on Defendant at its following place of business:

> Overton, Russell, Doerr & Donovan, LLP
> 19 Executive Park Drive
> Clifton Park, New York 12065

and the Court further

**ORDERS** that Plaintiff shall file an Affidavit of Service indicating that personal service of this Order on Defendant was effected; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED.**

Dated: September 19, 2018
       Syracuse, New York

_Frederick J. Scullin, Jr._
Frederick J. Scullin, Jr.
Senior United States District Judge